UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THOMAS MORIN,

    Plaintiff,

v.

MENARD, INC.,

    Defendants.

CAUSE NO. 3:19-cv-00043 DRL

OPINION & ORDER

Thomas Morin slipped and fell on ice as he exited a Menard retail store. Menard, Inc. now seeks summary judgment on his premise liability claim. The court denies the summary judgment motion because triable issues of fact remain for the jury to decide.

BACKGROUND

Just before 2:00 p.m. on January 3, 2018, Mr. Morin entered a Menard store to purchase plumbing supplies in Valparaiso, Indiana. All too common during northern Indiana winters, the weather forecasted a chance of light snow that day, with a high temperature of 16 degrees Fahrenheit. When Mr. Morin entered the store through its designated entrance, he noticed that it was cold, but not snowing, and that the pavement near the entrance was clear of snow. He spent 20-30 minutes inside the store.

When Mr. Morin left through the designated exit, a separate door from the entrance, he noticed that it was "much colder" and lightly snowing. He also noticed that the snow had begun to accumulate on the walkway. After taking five or six steps, Mr. Morin slipped and fell, landing on his lower back and buttocks. He says he fell on ice. He sued Menard for negligence for not properly maintaining the exit, and the parties removed that initial state case here.

STANDARD

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). The court will not "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

DISCUSSION

A.  *Menard Had a Duty to Exercise Reasonable Care to Protect Mr. Morin, an Invitee, from Foreseeable Danger on its Property.*

Menard says it owed Mr. Morin no duty to warn of ice and snow accumulation. It is well settled in Indiana that the duty owed by a property owner to an individual who enters the property depends on the person's status. *See Burrell v. Meads*, 569 N.E.2d 637, 639 (Ind. 1991). For instance, a landowner need only refrain from willfully or wantonly injuring a trespasser (someone who has no permission to be there), whereas a landowner owes an invitee (someone who comes on the land with permission to do business) the "highest duty" of all: "a duty to exercise reasonable care for his [or her] protection while he [or she] is on the landowner's premises." *Id.* A business visitor is an invitee "who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Id.* at 642 (applying the Restatement (Second) of Torts § 332(3) (Am. Law Inst. 1965)).

In short then, a property owner (such as Menard) may be held liable for any physical harm caused to an invitee (such as Mr. Morin) by a land condition that the property owner knows, or by

exercising reasonable care would discover, involves an unreasonable risk of harm to the invitee, which he "will not discover or realize [its] danger," and the property owner "fails to exercise reasonable care to protect" him from the dangerous condition. *Cooper's Hawk Indianapolis, LLC v. Ray*, 150 N.E.3d 698, 702 (Ind. Ct. App. 2020) (applying the Restatement (Second) of Torts § 343 (Am. Law Inst. 1965)).

"The duty of reasonable care owed by an inviter to an invitee should in no way be diminished by the presence of natural accumulations of ice and snow." *Henderson v. Reid Hosp. and Healthcare Servs.*, 17 N.E.3d 311, 316 (Ind. Ct. App. 2014). The law doesn't impose strict liability; still, there remains "a duty [] imposed upon the landowner to exercise reasonable care in the maintenance of business premises." *Id.* This duty includes "a general duty for business owners to remove ice and snow from their premises." *Bell v. Grandville Coop., Inc.*, 950 N.E.2d 747, 750 (Ind. Ct. App. 2011). Importantly, "the condition of the premises and the actions taken or not taken by the inviter and invitee must all be considered by the trier of fact in determining the existence or non-existence of legal liability." *Hammond v. Allegretti*, 311 N.E.2d 821, 826 (Ind. 1974) (distinguished on other grounds by *Burrell*, 569 N.E.2d at 641).

Mr. Morin entered the store to purchase materials for a project. He was an invitee. Menard owed him a duty to exercise reasonable care for his protection, which included a general duty to remove ice and snow from their premises. The nature and extent of what constitutes a breach of this duty of reasonable care is a question left to the jury. Menard urges the court to adopt a hard and fast rule, without any supporting law, that this duty should not include a duty to warn. Whether a landowner should be responsible for warning of every "molecule of water, speck of ice or flake of snow" is not the issue here. Mr. Morin says he fell on ice underneath the new snow. Foreseeability, public policy, and other factors undergirding settled law on Menard's duty here does not support a special carve out on this record. *See Henderson*, 17 N.E.3d at 316; *Bell*, 950 N.E.2d at 750.

3

B.   *A Triable Issue Remains on Whether Menard Had Actual or Constructive Knowledge of the Hazardous Condition.*

A property owner's duty to exercise reasonable care to protect invitees from foreseeable danger does not extend to ensuring that an invitee remain utterly safe at all times while on the property. *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012). Instead, a property owner must have knowledge of the hazard before liability may be imposed. *Id.* Knowledge can be either actual or constructive. *Id.* Constructive knowledge is imputed if the dangerous condition "existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury." *Id.* (internal quotation omitted); *see also Henderson*, 17 N.E.3d at 319 (noting that there is no requirement that a storm stop before the duty to clear ice and snow vests, but that a landlord must have a reasonable opportunity to remove the accumulation). Whether a property owner had actual or constructive knowledge of ice is often a fact question. *Christmas v. Kindred Nursing Cntrs. Ltd. P'ship*, 952 N.E.2d 872, 881-82 (Ind. Ct. App. 2011).

The court finds the analysis in *Bell* instructive. In *Bell*, the Indiana Court of Appeals noted that an apartment building's knowledge of the existence of ice on which a visitor fell does not require actual knowledge of the patch of ice on which the defendant slipped. *Bell*, 950 N.E.2d at 753. Instead, constructive knowledge of icy conditions can be inferred if a defendant knows of a risk of ice forming. *Id.* The court concluded by acknowledging that the issue of whether a defendant had constructive knowledge of the existence of ice on a walkway was an issue of fact that should be reserved for the factfinder. *Id.*

With these principles in mind, the court notes that the facts of Mr. Morin's case resemble those in *Wajvoda v. Menard, Inc.*, No. 2:11-cv-393, 2016 U.S. Dist. LEXIS 33743 (N.D. Ind. Mar. 16, 2016). There, the court determined that a factfinder could reasonably infer that a business had constructive knowledge of ice under a freshly fallen layer of snow near the entry of the store because the remainder of the parking lot had been plowed. *Id.* at 20 (citing *Byrne v. U.S.*, No. 00 C 3007, 2002

4

U.S. Dist. LEXIS 4658, 4-5 (N.D. Ill. Mar. 20, 2002) (noting that facts of a prior ineffective clean-up attempt may give rise to the inference that the defendant had actual knowledge of the hazard)). Here, Mr. Morin testified that the remainder of the parking lot and the entryway was cleared when he entered the store. Mr. Morin further testified that he slipped on ice that existed beneath the snow at the exit. The existence of ice beneath the snow allows for the jury's reasonable conclusion that the ice predated the snow and that Menard had constructive knowledge of the icy exit.

Menard argues that the 20-30 minutes that Mr. Morin was in the store was not a reasonable period to impute constructive knowledge of the icy condition of the exit. To support this assertion, Menard relies on several cases that declined to find constructive knowledge when the designated time between the nascence of a hazard and a subsequent fall was too short. *See Schulz*, 963 N.E.2d at 1145 (5-10 minutes); *Rising-Moore v. Red Roof Inns, Inc.*, 368 F.Supp.2d 867, 873 (S.D. Ind. 2005), *aff'd* 435 F.3d 813 (7th Cir. 2006) (15-20 minutes); *Blackburn v. Menard, Inc.*, No. 2:10-cv-87, 2014 U.S. Dist. LEXIS 164353, 2 (N.D. Ind. Nov. 24, 2014) (10-15 minutes). These cases are distinguishable—not least in their time differences but in the nature of their facts.

For instance, in *Schulz*, the Indiana Court of Appeals affirmed summary judgment to a grocery store determining that the 5-10 minutes that clear liquid pooled near a soda display "at the back of the store" on which the customer slipped wasn't enough time to discover the hazard and thus impute the defendant with constructive knowledge. *Schulz*, 963 N.E.2d at 1145. The court noted that a finding to the contrary would "mandate[] an employee's presence in every aisle at all times." *Id.* Mr. Morin was in the Menard store up to three times as long, with Menard on notice of 16 degree and snowy weather, and not least the notice beforehand to have cleared the parking lot and other high-traffic areas, including its store's exit.

Similarly, in *Rising-Moore*, the district court granted summary judgment to a motel when the business lacked "knowledge of or opportunity to clear [a] ramp of ice during the short time Plaintiff

5

was checking in for his overnight stay." *Rising-Moore*, 368 F.Supp.2d at 875. The court found that the 15-20 minutes that the plaintiff was in the sparsely-staffed motel lobby, during which time ice accumulated on the ramp at the hotel's entrance on which the plaintiff eventually slipped, was insufficient to give rise to a duty to protect the plaintiff from reasonable harm. *Id.* However, the court did not merely rely on the length of time that the plaintiff was inside the motel lobby to come to this conclusion; instead, the court noted that the plaintiff's experience driving through an ice storm to the motel, and the limited number of employees working at the late hour the plaintiff arrived, supported its conclusion. *Id.* at 868-869, 875.

In contrast, Mr. Morin says it wasn't snowing when he entered the store but acknowledges that there was some snow on the sidewalk near the entrance. He exited through a different door than he entered; and, though he saw gentle snow, he had no knowledge of ice below it. A jury could reasonably find that the ice preexisted the snow. Mr. Morin visited the store at approximately 2:00 p.m. during normal business hours, not late in the evening at a motel. The record permits a reasonable finding that Menard had plenty of employees who could adequately address ice, particularly at its designated entrances and exits for customers and when the ice potentially predated Mr. Morin's use of the premises, at least a reasonable jury could so conclude. This case consequently isn't merely about the 20-30 minutes that Mr. Morin was inside the store, but all the facts on which a reasonable jury could base a verdict. Summary judgment isn't appropriate.

      C.     *A Genuine Issue of Material Fact Exists as to Whether the Hazard was Open and Obvious.*

A property owner "is not liable to his [or her] invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Smith v. Baxter*, 796 N.E.2d 242, 244 (Ind. 2003) (quoting Restatement (Second) of Torts § 343A (Am. Law Inst. 1965)).

6

Menard cites to *Blackburn* to argue that the existence of ice outside the exit was an open and obvious hazard. In *Blackburn*, the plaintiff testified that he knew that a "wintery mix" of snow and water was falling as he exited, that the water was freezing when it hit the sidewalk, and that he had to be careful as he walked outside. *Blackburn*, 2014 U.S. Dist. LEXIS 164353 at 6-7. The court considered these circumstances as evidence that the defendant did not breach its duty of care toward the plaintiff as the plaintiff knew about the hazard and proceeded anyway. *Blackburn*, 2014 U.S. Dist. LEXIS 164353 at 7-8.

Here, however, though Mr. Morin acknowledged that he saw it was lightly snowing as he exited the store and observed the snow's light accumulation on the ground, the hazard of ice beneath the snow wasn't readily obvious, particularly when he had observed an otherwise clean parking lot and entrance way when he came to the store. The only snow he observed was near the entrance. He didn't recognize the exit was slippery. These facts leave to the jury the question of whether the hidden ice was open and obvious to him, whether Menard should have cleared or warned about the ice, and whether Menard breached its duty to its customer.

## CONCLUSION

Accordingly, the court DENIES the summary judgment motion (ECF 37) and DENIES the motion to strike (ECF 42) as moot because the contested evidence had no impact on the court's decision.

SO ORDERED.

September 28, 2020                                                  *s/ Damon R. Leichty*
                                                                              Judge, United States District Court